## THOMAS GREEN *vs.* GEORGE H. SHEPHERD & another.

One who signs as a principal promisor a promissory note which has already been delivered and accepted is not liable thereon without independent proof of a new consideration.

CONTRACT upon seven promissory notes, all of which were in the same form, as follows: " Gloucester, April 9th 1857. For value received, I promise to pay Alexander Foss or order two hundred dollars, on demand, with interest. Geo. H. Shepherd, Joseph Shepherd." George H. Shepherd was defaulted, and the action was defended by Joseph Shepherd alone.

It was agreed, in the superior court, that Alexander Foss, the plaintiff's intestate, worked for George H. Shepherd, and six notes were given from time to time, according to their dates, by the latter, before the 9th of April 1857. On that day, Foss and George H. Shepherd had an accounting together for the work of Foss and the interest due upon the six notes, and an indorsement of the interest due was made, and George H. Shepherd then gave the note copied above. The name of Joseph Shepherd was not then on either of the notes, but during the following summer he signed them as they now appear, and there

is no evidence of what the arrangement was, if any, under which he signed them, other than the notes themselves.

Upon these facts, judgment was rendered in the superior court for the defendant Joseph Shepherd, and the plaintiff appealed to this court.

*J. W. Perry,* for the plaintiff.

*J. C. Perkins,* for the defendant Joseph Shepherd, was not called upon.

BIGELOW, C. J. The law applicable to a contract, such as the plaintiff seeks to enforce in this action against the defendant Joseph Shepherd, is too well settled to admit of doubt or controversy. A consideration is essential to the support of every contract; otherwise it is *nudum pactum* and void. The facts agreed in this case show that there was no consideration for the promise of the defendant Joseph Shepherd. He affixed his signature to notes which had long been made and delivered to the payee as completed contracts, on a consideration wholly past and executed, moving solely between the original promisor and the plaintiff. The legal effect of signing these notes under such circumstances is, that the defendant became a party, not to new contracts on new and additional considerations as between himself and the payee, but to the old notes signed by the other promisor, and upon the same considerations between the defendant and the plaintiff for which they were originally given. The words "for value received," by the addition of the defendant's signature only, gain no additional meaning, and import no further or other consideration than that which they signified when the notes were given. In the absence of evidence to show some new consideration as between the parties to this suit, they mean this only; that for value received by the services of the payee at the time when the notes were made and delivered, this defendant promises to pay the several sums. If by any rule of law or construction any other or different meaning should be given to them, they would be made to speak a very different language from that which the facts proved concerning the signature of this defendant would warrant. The argument of the plaintiff proceeds on the ground that the words "for value received"

have some peculiar or magic force by which they become bind-ing on this defendant, although the facts show that there was no consideration for his promise. But this is not so. They are always open to explanation and proof. When this explanation and proof are offered in the present case, it is made to appear that they mean nothing more than that the notes were originally given for services in no way beneficial to this defendant, and for which he was not bound to pay. The promise of this defendant stands in legal effect precisely as it would if the true considera-tion for the notes had been written out in full, instead of being comprehended under the generality of the phrase " for value received." It is clear, therefore, that without some further proof of a new consideration for this defendant's promise, the plaintiff cannot recover, because the facts agreed show only that the notes were given for a past and executed consideration, in which this defendant in no way participated. *Tenney* v. *Prince,* 4 Pick. 385. *Benthall* v. *Judkins,* 13 Met. 265. *Mecorney* v. *Stanley,* 8 Cush. 87. *Stone* v. *White,* 8 Gray, 589.

*Judgment for the defendant Joseph Shepherd.*