MARCELLA S. COURTNEY *vs.* LIZZIE G. DOYLE.

If a promissory note does not purport to have been given for value, and long after its delivery and acceptance it is signed by another person as promisor, and the date altered, such new signer cannot be held liable upon it without proof of a new consideration.

CONTRACT upon the following promissory note : " Lowell May 1, 1861. I promise to pay Marcella Sears the sum of three hundred dollars with interest from date. (Signed) Mary A. Doyle, Lizzie G. Doyle." The plaintiff's maiden name was Marcella Sears, and the note was given to her; and in January 1859 she married John Courtney. The action was originally

brought against both signers of the note, and Mary A. Doyle was defaulted.

At the trial in the superior court, before *Ames*, J., it appeared that the plaintiff lent three hundred dollars to Mary A. Doyle, and took the note declared on, which was then dated as of that time and signed by Mary A. Doyle alone; that the interest was adjusted up to May 1st 1861, at which time the note was intrusted to said Mary, who afterwards returned it with the date altered to that day and the name of Lizzie G. Doyle added to it, signed by herself.

Upon these facts, the judge ruled that the plaintiff was not entitled to recover against Lizzie G. Doyle, and a verdict was taken accordingly; and the case was reported to this court.

*A. R. Brown,* for the plaintiff.

*T. Wentworth,* (*A. F. Jewett* with him,) for the defendant.

BIGELOW, C. J. The note did not on its face import a consideration. It was therefore necessary for the plaintiff to prove that it was given for value at the time it was signed by the defendant Lizzie G. Doyle. This the evidence did not show. On the contrary, the note had long previously been given by the other promisor for a consideration passing between her and the plaintiff. No new consideration existed or was received or paid when the defendant Lizzie G. signed the note. The effect of her signature was, that she became a party to a previously existing contract made on a consideration wholly past and executed. There was no new contract and no new or additional consideration, when the defendant Lizzie G. signed the note. Under such circumstances, on familiar and well settled principles, she cannot be held on the promise. As to her, it was without consideration. *Green* v. *Shepherd,* 5 Allen, 389, and cases cited.

*Exceptions overruled.*