*Municipal Court of the City of Boston*

## No. 390671

## MYRON ALEXANDER
### v.
## A. WILLIAM DEGREGORIO

Argued: November 1976; Decided: Dec. 21, 1976.

Case tried to *Foster, J.*

Present: Canavan, J. (Presiding); Elam, Doerfer, J.J.

**Doerfer, J.** This is an action of contract to recover $5,398.73 plus interest and costs to cover a deficiency on a mortgage foreclosure sale. Defendant's answer raised the issue that the notice sent under G.L.c. 244, §17B was deficient in that it was not sent to defendant's last address known to the mortgagee.

It is undisputed that the transfer certificate of title of this registered land contained in the margin thereof the address of the owner as 301 Washington Street, Braintree. There was no evidence reported of any other address of the defendant known to the plaintiff at the time notice was sent.

G.L.c. 244, §17B provides in material part, that no action shall be brought in a case such as this unless notice is mailed registered mail, return receipt requested, to the defendant "at his last address then known to the Mortgagee".

G.L.c. 185, §61 states that, with respect to registered land, every "deed or other voluntary instrument presented for registration shall contain or have endorsed upon it the full name, residence and post office address of the grantee or other persons acquiring or claiming an interest under such instrument . . . . All names and addresses shall also be entered on all certificates. Notices and processes issued in relation to registered land may be served upon any person in

interest by mailing them to the address so given and shall be binding . . . ."

Thus, notice given under G.L.c. 244, §17B was adequate as a matter of law if given by mailing to the address of the mortgagor contained on the transfer certificate of title. See: *Ricciardelli v. Plymouth Savings Bank* (Land Court Misc. 78264, 6/8/76) 4 M.L.W. 552(F.91).

It is immaterial that there was some evidence that plaintiff knew that defendant did not reside at the address in question. Hence, requests No. 4 and No. 5 were properly denied.[1]

Since the only issue in the case was the propriety of sending notice to the address on the transfer certificate request No. 6 was also properly denied.[2]

**Report dismissed.**

---

[1] "4. The evidence warrants a finding that notice as required under G.L.c. 244, §17B was not sent to defendant's known address.

"5. The evidence warrants a finding that 301 Washington Street, Braintree, Massachusetts, was never defendant's last known address but merely real estate in which he had some interest."

[2] "6. That the evidence warrants a finding for the defendant."