## CAPE COD BANK AND TRUST CO. v.
## Jack J. FURMAN and Ronald RASMUSSEN[1]

### No. 283

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

### July 23, 1981

---

[1] The other defendant is Jack J. Furman, who did not appeal to this division.

*The case was submitted on briefs.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Attelboro upon Report from the District Court Department, Barnstable Division and it is found and decided that there was no prejudicial error.

It is hereby ORDERED: That the Clerk of the District Court Department, Barnstable Division make the following entry in said case on the docket of said Court, namely: REPORT DISMISSED.

Opinion filed herewith.

Daniel H. Rider, Justice
Robert A. Welsh, Justice
Charles E. Black, Justice

Date: July 23, 1981

Patricia D. Miller, Clerk

## OPINION

**WELSH, J.** This is an action in contract for a deficiency claimed to be due after foreclosure of a mortgage on certain real estate. The note for which the mortgage was security was signed by the appellant Rasmussen and three others as joint and several obligors and was in the original amount of $160,000.00. The present claim is for $20,368.33 with interest, costs and attorney's fees.

The defendant Rasmussen answered by way of a denial of the essential allegations of the complaint and set up as a special matter by way of defense that the plaintiff had failed to comply with G.L. c. 244, Sec. 17B, which requires that written notice be sent by registered mail to the party sought to be charged, of the intention on the part of the holder of the mortgage to hold such person liable in the event a deficiency results after crediting the net amount realized on the foreclosure sale to be obligation secured by the mortgage.

The trial court found for the plaintiff against both defendants and awarded damages in the sum of $20,135.03 plus interest. The judgment was later amended to include attorney's fees.

The defendant Rasmussen, claiming to be aggrieved by the court's denial of requsts for rulings numbered 1, 2, 4 and 5,[2] duly sought a report to the Appellate Division.

The report presents two questions for the consideration of the Appellate Division: (1) Did the trial court commit prejudicial error by refusing to rule that the plaintiff failed to comply with G.L. c. 244, Sec. 17B[3], and that such failure barred the recovery sought by the plaintiff, and (2) Did the trial court commit prejudicial error in declining to rule that no consideration was furnished by the plaintiff for Rasmussen's signature on the note and, as such, Rasmussen was not liable to the plaintiff?

There was no error.

1. We first address the question of compliance with G.L. c. 244, Sec. 17B. Compliance with that statute is a condition precedent to the recovery of a deficiency award under the circumstances presented by this case. The defendant and the three other makers of the note contemplated entering into a joint venture, specifically, the business of hydroponic farming: each was to contribute certain expertise and each was to have an equal interest in the venture, with an equal share in the profits. The three joint venturers formed a corporation which was to be the owner of the real estate and the fourth co-maker of the note in question. The proceeds of the note constituted working capital for the venture. Prior to committing itself to loan the money, plaintiff bank required and received a resume from defendant

---

[2] 1. That the provisions of G.L. c. 244, §17B requiring mailing of notice to the defendant sought to be charged, to his last known address, has not been complied with.

Denied. I find that the notice received by the defendant, Rasmussen, was sufficient to enable him to protect his interests.

2. That as a matter of law this claim is not actionable as to defendant Ronald L. Rasmussen, pursuant to G.L. c. 244, §17B.

Denied. See decision.

4. That defendant Ronald L. Rasmussen signed the note when it was already a completed contract with mutual consideration already exchanged between payee and makers, and received no consideration; consequently, the contract as to him is a nullity. **Green v. Shepherd**, 87 Mass. 589.

Denied. See decision.

5. By signing the note, Ronald L. Rasmussen became party to a previously existing contract on a wholly executed past consideration. Under such circumstances, he cannot be held to his promise. **Courtney v. Doyle**, 92 Mass. 122.

Denied. See decision.

[3] **Notice of Intention to foreclose; necessity; form; affidavit.** No action for the deficiency shall be brought after June thirtieth, nineteen hundred and forty-six by the holder of a mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale by

Rasmussen which contained his correct name and address. However, when the note was drawn, the defendant was described on its face as "Robert L. Rasmussen," instead of "Ronald L. Rasmussen," his true name. The defendant never was known by or used the name "Robert L. Rasmussen." The note was signed by the other three makers and the loan proceeds were distributed by the plaintiff. Rasmussen was not available at the time of execution of the note. The trial judge found, **inter alia,** that all of the parties understood that Rasmussen would be one of the makers of the note and that he did in fact sign the note at a later date. He signed "R.L. Rasmussen". There is no evidence that he called attention to the fact that his given name was incorrectly typed on the face of the note, nor is there any evidence that he noticed the error. The loan proceeds were disbursed partly to satisfy the balance and obtain a discharge for the existing mortgage on the land and the remainder became the working capital for the venture.

The note was not paid and on September 10, 1979 the following notice was sent to the parties at the addresses indicated.

To:  Jack J. Furman
     18 River View Lane
     Centerville, MA. 02632

     Robert L. Rasmussen
     18 Smith Street
     Dennisport, MA 02639

     Eastern Aquafarming
     Technology, Inc.
     Setucket Road
     Dennis, MA 02638

## NOTICE OF INTENTION TO FORECLOSE AND YOUR LIABILITY IN CASE OF A DEFICIENCY

You are hereby notified in accordance with Massachusetts General Laws, Chapter 244, Section 17B, of my intention on or about, October 4, 1979, to foreclose by sale under Power of Sale for breach of condition the mortgage held by Cape Cod Bank and Trust Company on property fully described in a mortgage dated December 10, 1976, and recorded with Barnstable County Registry of Deeds in Book 2439, Page 91, which mortgage was to secure a note signed by you for the whole or part of which you may be liable to it in case of a deficiency in the proceeds of the foreclosure sale.

In addition to the address indicated, a similar notice was sent to Robert L. Rasmussen, address omitted, Westfield, New Jersey, and was actually received by him.

The court found that the notice regarding liability for deficiency was actually received by Rasmussen on September 15, 1979, five days after it was sent. The notice indicated that the date of the auction would be October 4, 1979. On October 4, the sale was adjourned by the mortgagee's agent. The sale occurred on November 8, 1979 without further notice to Rasmussen.

Rasmussen contends that he never lived at 18 Smith Street, Dennisport and was never known by the name "Robert L. Rasmussen," and that these defects

him taking place after January first, nineteen hundred and forty-six unless a notice in writing of the mortgagee's intention to foreclose the mortgage has been mailed, postage prepaid, by registered mail with return receipt requested, to the defendant sought to be charged with the deficiency at his last address then known to the mortgagee, together with a warning of liability for the deficiency in substantially the form below, not less than twenty-one days before the date of the sale under the power in the mortgage, and an affidavit has been signed and sworn to, within thirty days after the foreclosure sale, of the mailing of such notice. A notice mailed as aforesaid shall be a sufficient notice, and such an affidavit made within the time specified shall be prima facie evidence in such action of the mailing of such notice.

render the notice fatally defective. No other possible defects in the notice or the manner of service are argued. He asserts that strict compliance with the statute is required and that the alleged failure strictly to adhere to the statute bars the plaintiff from recovery against him.

The purpose of the notice was to insure that persons liable on mortgage obligations could look out for their interests at the foreclosure sale. **Palumbo v. Audette,** 323 Mass. 559, 560-561 (1949). The object of notice in this context is to inform the defendant as a party in interest so that he can reasonably take proper steps to protect his interests. See, **Milton v. Massachusetts Bay Transportation Authority,** 356 Mass. 467, 471 (1969). Required notices of this kind must state with reasonable certainty the essential facts required by the statute. **Commissioner of Corp. & Tax. v. Springfield,** 321 Mass. 31, 35 (1947).

In **Alexander v. Degregorio,** 59 Mass. App. Dec. 109, 111 (1976), the Appellate Division of the Municipal Court of Boston held that it was proper to deny a request for ruling that the evidence warranted a finding that notice as required under G.L. c. 244, Sec. 17B was not sent to the defendant at his last known address. The fact that there was some evidence that plaintiff knew the defendant did not reside at the address in question was deemed to be immaterial. The **Alexander** case differs somewhat from the case at bar, in that there, the land was registered under G.L. c. 185, Sec. 1 et seq. Section 61 of that Chapter expressly provides that notices and other processes issued in relation to registered land may be served upon a party in interest by directing the same to such person at the address shown on the instrument under which their interest was acquired.

"It is settled that the party to a transaction, whose rights are liable to be injuriously affected by notice, cannot wilfully shut his eyes to the means of acquiring knowledge which he knows are at hand and thus escape the consequences which would flow from the notice had it been actually received." **Conte v. School Committee of Methuen,** 4 Mass. App. Ct. 600, 605 (1976). "It is equally well settled that '(n)otice of facts which would incite a person of reasonable prudence to an inquiry under similar circumstances is notice of all the facts which a reasonably diligent inquiry would develop' " **Commonwealth v. Olivo,** 369 Mass. 62, 69 (1975).

The courts in the state of New York have held that the address to which a notice is sent is immaterial even if it varies from the address specified in the contract between the parties, if actual notice was received. **U.S. Broadcasting Co. Corp. v. National Broadcasting Co., Inc.,** 439 F. Supp. 8 (D. Mass. 1977). While not suggesting that so broad a rule ought to apply in other contexts, the application of such a principle seems apposite here.

The case of **Sevigny v. Dowd,** 343 Mass. 160 (1961), dealt with a statutorily required notice in another context. The Supreme Judicial Court considered an enactment extending the limitation period of certain motor tort actions from one to two years, provided the injured person sent notice to the insurer by registered mail within one year after the accrual of the cause of action, giving the particulars of his claim and certain other information. See, G.L. c. 260, Sec. 4, as amended through St. 1955, c. 235, Sec. 1. The Court held that sufficient notice was given under this statute notwithstanding the failure to send the same by registered mail, as prescribed. Looking to the purpose of such a notice, the Court said:

> "The main purpose of the notice provision was to afford opportunity for investigation before the expiration of one year. The notice was to be written and not oral in order to eliminate subordinate issues as to proving con-

tents of the notice. The prescribing of registered mail, with its return receipt feature, was to facilitate proof, and in effect placed the risk of transmission by regular mail upon the sender. Proof merely of posting would not be enough. In short, the requirement of registered mail was wholly incidental to the main purpose.

**Id.** at 161. This case was cited with approval in the case of **Gerson Realty, Inc. v. Casaly,** 2 Mass. App. Ct. 875 (1974), for the proposition that where the fact and timeliness of receipt of notice is not disputed, questions as to the form of notice are moot.

We are satisfied that in the absence of a showing of prejudice to the defendant, the misnomer and the misdirection of the notice are of no consequence where, as here, the defendant actually received the notice in sufficient time to protect his interests.

2. Defendant Rasmussen argues that since he did not affix his signature to the note until after the proceeds had been paid out by the plaintiff, and since no additional consideration was furnished, his promise to pay is unenforceable for want of consideration. This contention is unsupported by the evidence and is unsound in law. Defendant Rasmussen overlooks the finding by the trial court that it was understood by all parties before the loan was consummated that all four persons were to be obligated as co-makers.[4]

The relevant provision of the Uniform Commercial Code, G.L. c. 106, Sec. 3-408, states that want or failure of consideration is not a defense where the instrument in issue or the obligation thereon is given in payment of or as security for an antecedent obligation of any kind.[5] In the case at bar, Rasmussen, as a joint venturer, actually received the benefits of the loan in question; he did not sign as an accommodation party.

Compare, **Blanchard v. Porter,** 317 Mass. 44, 45-47 (1944), wherein the Court held that failure of consideration was not a defense in an action on the note by the payee where the accommodation maker signed the note contemporaneously with the co-makers. **Id.** at 46. While some Massachusetts cases decided prior to the enactment of the Uniform Commercial Code have held that want of consideration is a defense against one not a holder in due course where the accommodator signs substantially after the instrument is executed and delivered by the other co-makers and value given and where no new consideration is furnished for his undertaking, see, **Tenney v. Prince,** 4 Pick. 385, 387 (1826); **Kahn v. Waldman,** 283 Mass. 391, 395 (1933),[6] this doctrine has no application to the post-delivery signatory of a negotiable instrument who actually participates in and receives a benefit from the loan, as in this case. Indeed, Rasmussen had an antecedent obligation himself to the plaintiff in regard to the loan due to the understanding of all parties concerned that all four

[4] The trial court found as follows: "Rasmussen was unable to be present for the closing on December 10, 1976 but he agreed to and did sign the note at a later date. Rasmussen knew and understood that he was required to sign the note, that it was not done gratuitously, and that part of the loan which was paid over to the corporation represented his share or contribution to the corporation."

[5] G.L. c. 106 §3-408. **Consideration.** Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 3-305), except that no consideration is necessary for an instrument or obligation thereon given in paymet of or as security for an antecedent obligation of any kind. Nothing in this section shall be taken to displace any statute outside this chapter under which a promise is enforceable notwithstanding lack or failure of consideration. Partial failure of consideration is a defense **pro tanto** whether or not the failure is in an ascertained or liquidated amount. St. 1957. c. 765 §1, effective Oct. 1, 1958.

[6] This doctrine is of doubtful validity today. See, Reporter's Comment to G.L. c. 106 §3-408.

660

persons, including Rasmussen, were to be jointly and severally obligated on the instrument. **Hawkes v. Phillips**, 7 Gray 284, 286 (1856). His signing of the note after the proceeds had been advanced by the plaintiff clearly showed he recognized this obligation, and intended to be legally bound. His signature may be viewed as security for an antecedent obligation on his part. In these circumstances, no additional consideration need be proved.[7] In this regard see Am. Jur. 2d, Bills and Notes, Sec. 240, which states:

"If at the time of execution, there was an agreement by the maker or new signer that the new signature would be forthcoming, and the new signature was made pursuant to such agreement then there is no necessity for new and independent consideration."

The trial judge was correct in ruling that no additional consideration was required.

There being no error, it is ordered that the report be dismissed.

SO ORDERED.

Daniel H. Rider, J.
Robert A. Welsh, Jr., J.
Charles E. Black, J.

This certifies that this is the opinion of the Appellate Division in this cause.

Patricia D. Miller, Clerk

---

[7] Even if it could be concluded that Rasmussen was merely an accomodation party to the instrument, the case at bar would fall within the well recognized exception to the general rule, i.e., where such a party signs after delivery, he is liable to the holder provided he did so pursuant to an agreement on his part before delivery and was cognizant of the understanding between the maker and payee that his signature was required. **Goodman v. Gaull**, 244 Mass. 528 (1923).