Welsh, P.J.
This is a civil action to recover a deficiency alleged to be due after foreclosure of a mortgage or real estate.
The answer denied any deficiency was owed by reason of the alleged noncompliance by the plaintiff with G.L.c. 244, §§14[1] and 17B[2].
There was a stipulation entered into between the parties that in the event that the defendant was liable, judgment should enter in the sum of $27,375.49. The judge found for the plaintiff and entered judgment accordingly.
Upon the basis of a stipulation and other evidence introduced at trial, the following factual pattern emerges:
The defendant, a practicing attorney, purchased commercial real estate on May 16,1974. The defendant borrowed $40,000.00 from the plaintiff bank, which he applied toward the purchase of the property. The defendant executed and delivered to the plaintiff bank a promissory note secured by a mortgage on the real estate. The mortgage was upon the statutory condition, for any breach of which the mortgagee should have the statutory power of sale. On the day following the execution and delivery of the mortgage and note, the defendant *180 conveyed the premises, subject to the mortgage, to Jil Corporation. On July 1, 1974, Jil Corporation conveyed the property to Lafayette Corporation subject to the mortgage. Lafayette was the owner of the equity of redemption upon the foreclosure of the mortgage. On February 23,1977, the mortgage was in default. The plaintiff requested by letter that Prescott, Bullard and McLeod, its attorney, take steps to foreclose the mortgage. The letter authorizing foreclosure was not a sealed instrument. The letter was the sole authority for proceeding for foreclosure from the mortgagee. Upon receipt of this letter, a clerk in the office of the attorney for the bank caused a title rundown to be made and prepared a complaint seeking authority to foreclose under the Soldiers and Sailors Civil Relief Act. After obtaining the signature of an officer of the plaintiff bank, the clerk served the complaint for authority to foreclose on the defendant and Lafayette as owner of the equity of redemption. The defendant did not pick up the notice at the post office. Upon receipt of authority to foreclose from the Superior Court, the clerk in the law office prepared a notice of intention to foreclose and to claim for any deficiency if the proceeds were inadequate. She also prepared a mortgagee’s notice of sale of real estate, indicating that the property would be sold at public auction on June 7,1977. Both the notice of intent to claim deficiency after foreclosure and the notice of mortgagee’s sale were executed by one of the attorneys in the law office. Although there was some conflict in the evidence as to the date of mailing, the judge found that the notices were mailed timely and complied with G.L.c. 244, §§14 and 17B. There was evidence that the notice of foreclosure sale was duly published in the newspaper. Although the clerk in the law office said in her affidavit that she had mailed the notices, at trial she stated that her memory was unclear whether she mailed them personally or some other clerical person did. Although there was some evidence offered by the defendant that the notice of sale of real estate was not included in the materials, there was evidence that both notices were mailed in a timely fashion. In execution of the power of sale, the property was sold at public auction on June 17, 1977[3]. The plaintiff was the sole bidder and purchased the equity of redemption for $10,000.00. The defendant was present at the sale.
The defendant argues that the judge erred in ruling that the plaintiff had complied with G.L.c. 244, §§14 and 17B, and in refusing to rule that any deficiency judgment was barred and that the finding for the plaintiff was inconsistent with certain subsidiary findings. We find no merit in these contentions.
1. The purpose of requiring notice of an intention to claim a deficiency after foreclosure is to inform the mortgagors and those liable with them or through them so that they can protect their interests at the foreclosure sale. Palumbo v. Audette, 323 Mass. 559, 560 (1949). The presence of the defendant, a practicing attorney, at the foreclosure sale clearly warranted the finding that the defendant had actual notice. A party in interest whose rights might be adversely affected by the event to which a notice relates cannot willfully shut his eyes to the means of acquiring knowledge which is at hand and expect blithely to escape the consequences of his ignorance. Conte v. School Committee of Methuen, 4 Mass. App. Ct. 600, 605 (1976); Commonwealth v. Olivo, 369 Mass. 62, 69 (1975). The notice given complied with the requirements of the statute. We note that the statute does not require the plaintiff in a deficiency action to prove actual receipt of notice by the defendant as the party to be charged. Cf. Alexander v. Degregorio, 59 Mass. App. Dec. 109, 111 (1976); Cape Cod Bank & Trust Co. v. Rasmussen, 1981 Mass. App. Div. 150, 152.
*181 2. It was not necessary that the letter requesting the attorney for the plaintiff to proceed with foreclosure be a sealed instrument. We construe the statutory language which specifies that an attorney duly authorized by a writing under seal may foreclose a mortgage to apply soley to those cases in which the agent or attorney-in-fact of the mortgagee purports to act as such in his own name. It does not apply to cases in which the mortgagee acts in his own name but employes legal counsel to draft the documents and to take the steps necessary to foreclose the mortgage. In construing a power of sale in a mortgage providing that upon breach of the condition of the mortgage, “it shall be lawful for the mortgagee to enter into and upon the premises and sell and dispose of the same and all benefit and equity of redemption of the mortgagor therein, at public auction, such sale to be upon the premises granted, first giving notice of the time and place of sale,” the Supreme Judicial Court held thát it was not necessary for the mortgagee personally to perform the acts required for foreclosure by entry or by exercise of the power of sale. The giving of notices, the entry, and the conduct of the auction were all matters which the mortgagee might properly employ others to attend to; no authority under seal was required for these purposes. Cranston v. Crane, 97 Mass. 459, 464 (1867). In view of this, it is not necessary to consider the trial judge’s ruling as to the applicability of G.L.c. 183, §1A, inserted by St. 1977, Chapter 152[4], as to the present case.
3. The defendant’s contention that there is no evidence warranting a finding that the law firm of Prescott, Bullard and McLeod was empowered to act for the mortgagee with regard to this foreclosure borders on the frivolous. Clearly, such a finding was warranted. Even if the letter directing the law firm to proceed were not deemed sufficient (a contention to which we would not subscribe), the actions of the bank officer in executing the instruments and forclosure deed would warrant a finding of ratification. Barnes v. Boardman, 149 Mass. 106, 115, 116 (1889). The question of agency was one of fact. Stern v. Lieberman, 307 Mass. 77, 81 (1940). While it is true that out-of-court declarations of a supposed agent are incompetent to prove agency, [DuBois v. Powdrell, 271 Mass. 394, 397 (1930)], the incourt testimony of an agent is competent to establish the existence and extent of the agency. Id.; Rice v. Gove, 41 Mass. (22 Pick.) 158, 160 (1839).
4. The stipulation of the parties as to the amount of damages to be awarded precludes any assertion that the amount realized at the foreclosure sale amounted to bad faith. The fact that the mortgagee is the only bidder at the foreclosure sale does not invalidate the sale or preclude a deficiency judgment. DesLauries v. Shea, 300 Mass. 30 35 (1938).
We find no prejudicial error in the action taken by the trial judge either at trial or in disposing of the defendant’s post trial motions to correct alleged inconsistencies.
The report is dismissed.

So ordered.

 Foreclosure under power of sale; procedure; notice; form. The mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal, or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person, may, upon breach of condition and without action, do all the acts authorized or required by the power; but no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale, notice thereof has been published once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a newspaper, if any, published in the town where the land lies. If no newspaper is published in such town, notice may be published in a newspaper published in the county where the land lies, and this provision shall be implied in every power of sale mortgage in which it is not expressly set forth. A newspaper which by its title page purports to be printed or published in such town, city or county, and having a circulation therein, shall be sufficient for the purpose.

 Notice of intention to foreclose: necessity; form: affidavit. No action for deficiency shall be brought after June thirtieth, nineteen hundred and forty-six by the holder of a mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale by him taking place after January first, nineteen hundred and forty-six unless a notice in writing of the mortgagee’s intention to foreclose the mortgage has been mailed, postge prepaid, by registered mail with return receipt requested, to the defendant sought to be charged with the deficiency at his last address then known to the mortgagee, together with a warning of liability for deficiency, in substantially the form below, not less than twenty-one days before the date of the sale under the power in the mortgage, and an affidavit has been signed and sworn to, within thirty days after the foreclosure sale, of the mailing of such notice. A notice mailed as aforesaid shall be a sufficient notice, and such an affidavit made within the time specified shall be prima facie evidence in such action of the mailing of such notice. The notice and affidavit, respectively, shall be in substantially the following forms:.

 Steps were taken to foreclose by entry as well as sale.

 Instruments not under seal. No instrument purporting to affect an interest in land shall be void because it is not sealed or does not recite a seal.