Coven, J.
This is the defendants’ appeal of a judgment for the plaintiff-mortgagee in two actions, which were consolidated for trial, to recover deficiencies on two mortgage notes following the foreclosure sale of the mortgaged properties.
The sole issue presented by the defendants’ appeal is whether a mortgagee may maintain a deficiency action despite its failure to send the statutory form of notice prescribed by G.L.C. 244, §17B where the defendant-mortgagors had actual notice of the mortgagee’s intention to pursue a deficiency.
The case was submitted to the trial court on the parties’ Agreed Statement of Facts. Such Statement indicates the following: In June, 1987, defendants Steven and Gary Turk executed individual promissory notes in the respective amounts of $76,000.00 and $68,800.00 in favor of plaintiff Framingham Savings Bank (“the Bank”). The notes were secured by mortgages on two condominiums. Four years later, the defendants defaulted on their note payments, and the Bank issued the appropriate default and acceleration notices.
In September, 1991, employees of the Bank and its attorney met at the Bank’s office with defendant Steven Turk and one Attorney Burke who represented both defendants. Burke requested that the Bank accept deeds to the condominium properties in full satisfaction of the defendants’ indebtedness. The Bank and its counsel responded that the Bank intended to foreclose upon the condominium units and would not waive its right to pursue any deficiency in the amounts owed by the defendants which remained after the foreclosure sale. The parties’ Agreed Statement of Facts recites:
Both of the Turks had actual notice from Framingham Savings Bank in September of 1991 that Framingham Savings Bank would not waive any rights to any deficiency that might exist after the foreclosure sales were completed.
Prior to the foreclosure sale, the Bank served upon the defendants a complaint to foreclose the mortgage, the order of notice issued by the Land Court, a notice of the time and place of the foreclosure sale and the notice of sale published by the Bank. The Bank failed to issue to the defendants the statutory form of written Notice of Intent to Pursue a Deficiency required by G.L.c. 244, §17B.
On June 5, 1992, nine months after the September, 1991 meeting between the parties, the Bank foreclosed the mortgages and took title to the properties after its successful bids for each of the condominium units at the foreclosure sale. On March 15,1993, the Bank instituted this action to recover the deficiencies owed by the defendants.
*208 Upon review of the parties’ Agreed Statement of Facts, the trial court found for the plaintiff Bank against both defendants, and entered judgment for the Bank in the amount of $128,700.65.
Section 17B of G.L.c. 244 provides:
No action for a deficiency shall be brought... by the holder of the mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale by him ... unless a notice in writing of the mortgagee’s intention to foreclose has been mailed, postage pre-paid, by registered mail with return receipt requested, to the defendant sought to be charged with the deficiency at his last address then known to the mortgagee, together with a warning of liability for the deficiency, in substantially the form below, not less than twenty-one days before the date of the sale under the power in the mortgage. ...
The notice mandated by §17B allows mortgagors to “look out for their interests at the foreclosure sale.” Palumbo v. Audette, 323 Mass. 559, 560 (1940). By requiring the mortgagee to provide notice in advance of foreclosure of the mortgagee’s intention to seek a deficiency, the mortgagor is afforded the opportunity to take steps to protect its interest in eliminating or reducing any deficiency through such means as stimulating the bidding at the foreclosure sale, or attempting to redeem or buy the property. Wornat Develop. Corp. v. Vakalis, 403 Mass. 340, 345 (1988); Seronick v. Levy, 26 Mass. App. Ct. 367, 373 (1988); Guempel v. Great American Ins. Co., 11 Mass. App. Ct. 845, 850 (1981).
The defendants have readily conceded that they had actual notice of the plaintiff’s intention to pursue a deficiency after the foreclosure sale. The defendants were thus afforded ample opportunity to take whatever steps or precautions they deemed necessary to protect their interests at that sale. The record is devoid of any allegations that the foreclosure sale was not fairly or properly conducted. The defendants were neither harmed, nor prejudiced, by the Bank’s failure to send the statutorily prescribed written notice of its intention to seek a deficiency given their actual notice of the Bank’s intention. Fairhaven Savings Bank v. Callahan, 391 Mass. 1011, 1012 (1984), aff ing 1983 Mass. App. Div. 179. See also, Cape Cod Bank & Trust Co. v. Rasmussen, 1981 Mass. App. Div. 150, 152.
When a statute such as G.L.c. 244, §17B mandates written notice, that requirement imports actual notice to the party. Taxeira v. Arter, 292 Mass. 537, 539 (1935). Thus while written notice in the form prescribed by §17B is a condition precedent to seeking a deficiency, it is undisputed that the defendants herein had the actual notice of the Bank’s intention to seek a deficiency which was intended by the statute. The facts of this case are not dissimilar from those of Wile v. Constantini, 415 Mass. 663 (1993), in which the purchaser of registered land knew of the existence of an easement on the property even though the easement was not listed in the grantor’s certificate of title. While the Court noted that the statute, G.L.c. 185, §46, required that all encumbrances be listed in writing on the certificate of title, the Court held that the purchaser took the land subject to the unlisted easement because he was bound by his predecessor’s actual knowledge of the encumbrance. Id. at 667-668.
As the defendants herein had actual knowledge of the Bank’s intention to pursue a deficiency after foreclosure and every opportunity to protect their interests at the foreclosure sale, the Bank’s failure to issue a G.L.c. 244, §17B statutory notice was not fatal to its action to recover the $128,700.65 deficiencies owed by the defendants. The defendants cannot seriously suggest that they were in any way prejudiced by the failure to receive formal written notice of that which was already known to them.
There being no error, the report is dismissed.