Finnerty, J.
This appeal arises from a postforeclosure summary process case in which on November 15, 2013, Federal National Mortgage Association (“FNMA”) was granted summary judgment against Anthony M. and Margaret M. Isaac (collectively, “Isaacs”), former owners and mortgagors of the premises at 125 Summer Street, Weymouth, Massachusetts.[3] The Isaacs opposed the summary judgment motion and filed a cross motion, contending that the foreclosure sale by CitiMortgage, Inc. (“CitiMortgage”) was invalid for failure to comply with G.L.c. 244, §14. Specifically, the Isaacs contended, and argue now, that CitiMortgage’s attorneys, Harmon Law Offices, P.C. (“Harmon”), were not authorized under §14 to initiate foreclosure proceedings because there was no grant under seal of power of attorney to Harmon. The trial court granted FNMA’s summary judgment motion and dismissed the Isaacs’ cross motion.[4]
General Laws c. 244, §14 empowers the following parties to foreclose a mortgage by statutory power of sale:
The mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal, or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person. ...[5]
*224 A foreclosure of a mortgage by a party lacking “jurisdiction and authority” to carry out a foreclosure is void. U.S. Bank Nat’l Ass’n v. Ibanez, 458 Mass. 637, 647 (2011), quoting Chace v. Morse, 189 Mass. 559, 561 (1905). In Ibanez, the foreclosing entities were not assignees of the mortgage at the time of the notices of sale and subsequent foreclosure sales. The assignments occurred after those events, meaning, as the Court held, that the foreclosures were not valid. Id. at 650. The Ibanez Court further held that securitization documents did not demonstrate that the foreclosing parties were holders of the mortgages at the time of the publication of notices and of the sales themselves. Id. at 652.
The mortgage at issue here was given by the Isaacs on May 24, 2002. The mortgage was assigned to CitiMortgage on September 8, 2008, and the assignment was recorded. On April 25,2012, May 2,2012, and May 9,2012, Harmon, acting on behalf of CitiMortgage, caused a “Notice of Mortgagee’s Sale of Real Estate” to be published. That notice ended with, “CitiMortgage, Inc., Present holder of said mortgage, By its Attorneys, Harmon Law Offices, P.C.” On April 17, 2012, Harmon, acting on behalf of CitiMortgage, sent a “Notice of Mortgage Foreclosure Sale” as well as a copy of the “Notice of Mortgagee’s Sale of Real Estate” to the Isaacs. The “Notice of Mortgage Foreclosure Sale,” in letter form, was signed, “CitiMortgage, Inc., Present holder of mortgage, By its Attorney, Harmon Law Offices, P.C.” On May 22, 2012, CitiMortgage conducted a public foreclosure auction and was the high bidder.[6] There is within the record no document relating to the foreclosure in which Harmon purports to be acting in anything but its representative capacity for CitiMortgage. All of the foreclosure notices and actions show that it was CitiMortgage acting by Harmon, not Harmon foreclosing under a power granted by CitiMortgage. The record supports the fact that Harmon was acting as the authorized agent of CitiMortgage. No evidence was presented on the record before us to refute the finding of agency.
In Cranston v. Crane, 97 Mass. 459 (1867), where a mortgagee authorized her husband by parol to perform the necessary foreclosure actions under a power of sale contained in a mortgage (granted to her and not to her husband), the Court held, “We are of opinion that the giving of the notices, the entry upon the land, and the conduct of the auction were all matters which the mortgagee might properly employ others to do, under her direction; and that it did not require authority under seal for these purposes.” Id. at 464. That holding was cited favorably by this Division in Fairhaven Sav. Bank v. Callahan, 1983 Mass. App. Div. 179, 181, aff'd, 391 Mass. 1011 (1984). The Supreme Judicial Court in Fairhaven Sav. Bank v. Callahan went on to add that the defendant's argument that there was no evidence warranting a finding that the law firm in that case was empowered to act for the mortgagee in regard to the foreclosure because there was no writing under seal came perilously close to being frivolous. Id. at 1012. Applying those holdings to the facts here, we affirm the judgment of the trial court. The holding in Ibanez does not change our *225 view that CitiMortgage could act through its agents in taking the steps necessary to foreclose without the need to grant a power of attorney under seal. The harm sought to be avoided, foreclosure by an entity not being the present holder of the note (or one standing in its shoes under the grant of a power), does not exist in this case.
CitiMortgage later prepared written grants of powers of attorney to Harmon and ratified Harmon’s prior acts on its behalf. In accordance with Ibanez, those ratifications would not cure the defect were we to find that a written authority under seal was required for Harmon’s actions on behalf of CitiMortgage. In this case, however, such ratifications were not necessary and were superfluous to the issues raised in this appeal, except perhaps as evidence of the agency relationship between CitiMortgage and Harmon. Figueroa v. Bank of Am,, NA., No. 12-11290-RWZ (D. Mass. Nov. 26,2012), which is cited in the Isaacs’ reply brief, is not controlling precedent for our court. In that case, among other issues, where there appears to have been another layer between the mortgage holder and the foreclosure action;[7] the holdover mortgagors argued failure to comply with the statute. The ruling in that case, denying the bank’s motion to dismiss, was specific to the facts raised in that case.[8]
The Isaacs’ reference in its reply brief to Rule 1.5(b) (1) of Mass. R. Prof. C., which requires an attorney to have a written fee agreement with a client, is a rule of professional responsibility between the lawyer and the client, and the Isaacs are not intended beneficiaries of that rule. Furthermore, there is in the record no evidence, one way or another, whether such a written fee agreement exists.
The judgment of the trial court is affirmed.

 After a series of assignments of the original mortgage, CitiMortgage, Inc. held it at the time of the foreclosure. No dispute has been raised as to those assignments or that CitiMortgage, Inc. properly held the mortgage. Once it foreclosed, CitiMortgage, Inc. assigned its bid to FNMA, which thereafter recorded a foreclosure deed. The issues raised in this appeal relate to CitiMortgage, Inc.’s actions in foreclosing.

 The court held that the counterclaims of the Isaacs were not compulsory and could be raised in a separate action. They were dismissed without prejudice.

 Amended by St. 2012, c. 194. The amendment, however, did not change the above-referenced language.

 In the affidavit of Maggie L. Pitts-Dilley, Esq., of Harmon Law Offices, PC., dated July 10, 2012, she deposed that Harmon Law Offices, P.C. “on behalf of CitiMortgage, Inc.” caused notice to be published, and that pursuant to said notice, “CitiMortgage, Inc. sold the premises at public auction.”

 The mortgage holder had retained the law firm of Orlans Moran to act as its agent in certain real estate matters, and that firm had then authorized one Ferro to carry out the foreclosure sale. No further information is provided in the decision, except for the court to opine, ‘The factual allegations in Figueroa’s complaint raise a plausible inference that Ferro was not properly authorized to perform the foreclosure sale.” Figueroa, supra at 3.

 Following oral argument, the Isaacs cited as supplemental authority two recent District Court actions: Deutsche Bank Nat’l Trust Co. v. Federico, Quincy District Court, No. 1256SU1307 (Oct. 3,2014), and HSBC Bank U.S.A., N.A. v. Howe, Malden District Court, No. 1350SU0237 (Sept. 18, 2014). To the extent that either action is relevant to the issues in this case, we decline to follow them.